UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IESE SATELE TUPEA,

        Plaintiff,

v.                                              CIVIL NO. 2:23cv240

MATTHEW JAY KLINE,

and

JOSH WYCHE, SR.,

        Defendants.

**MEMORANDUM ORDER**

This matter comes before the court on Plaintiff's Motion for Leave to File a First Amended Complaint ("Initial Motion to Amend") and a Memorandum in Support, filed on February 2, 2024, ECF Nos. 38 (Motion to Amend), 39 (Memorandum); and Plaintiff's Motion for Leave to File a Revised First Amended Complaint ("Revised Motion to Amend") and a Memorandum in Support, filed on March 22, 2024. ECF Nos. 44 (Motion), 45 (Memorandum). For the reasons stated below, the court **DENIES** Plaintiff's Initial Motion to Amend and **TAKES UNDER ADVISEMENT** Plaintiff's Revised Motion to Amend.

I.

This case concerns an automobile accident involving Defendant Matthew Jay Kline, who was a Deputy at the Southampton County Sheriff's Office. ECF No. 1 at 2, 8-10. Defendant Josh Wyche, Sr., is the Sheriff of Southampton County and was Kline's employer when

the accident occurred. <u>Id.</u> at 2-3. On June 2, 2023, Plaintiff filed a Complaint against Kline and Wyche. <u>Id.</u> at 1.[1] The Complaint alleges claims of negligence, gross negligence, and recklessness against Kline, vicarious liability for those torts against Wyche, a claim under 42 U.S.C. § 1983 against Kline, and a § 1983 claim against Wyche. <u>Id.</u> at 11-14. Kline moved to dismiss the Complaint on August 23, 2023, ECF No. 16, and Wyche filed a Motion for Judgment on the Pleadings on September 20, 2023, ECF No. 20. On December 8, 2023, the court held a hearing on both Motions and denied the Motions. <u>See</u> ECF Nos. 30, 31.

On February 2, 2024, Plaintiff filed his Initial Motion to Amend, seeking to add a claim of negligent hiring against Defendant Wyche for hiring Defendant Kline. ECF Nos. 38, 39. Defendants did not file a response to the Motion within the fourteen (14) days to do so. <u>See</u> E.D. Va. Local Civil R. 7(F)(1). The court then directed Wyche, against whom the amendment would add the claim, "to notify the court of whether he opposes or does not oppose Plaintiff's proposed amendment and the reasons for his position." ECF No. 40 at 2. Wyche filed his response on March 8, 2024, stating that he does not oppose the Motion to Amend but adding that Plaintiff "has not alleged facts sufficient to state a claim against" him and

---

[1] The Complaint also named Southampton County and the Southampton County Sheriff's Office as Defendants. ECF No. 1 at 1. The parties dismissed those two Defendants via a Stipulation for Voluntary Dismissal. ECF No. 32.

2

that he "hereby reserves the right to file motions under Rules 12 and 56." ECF No. 41 at 1.[2]

After receiving the parties' filings, the court issued a Show Cause Order on March 18, 2024. ECF No. 42. That Order explained that, under Virginia law, sovereign immunity may bar the negligent hiring claim, and then directed Plaintiff to show cause as to why the proposed amendment is not futile. Id. at 2. Plaintiff did not respond to the Show Cause Order. Instead, he filed his Revised Motion to Amend on March 22, 2024. ECF No. 44. The Revised Motion seeks to add a claim of grossly negligent hiring against Defendant Wyche. ECF No. 45 at 2. Defendant opposes the Revised Motion, arguing that the proposed amendment "is futile and brought in bad faith." ECF No. 47 at 1. Both the Initial Motion to Amend and the Revised Motion to Amend are now ripe for resolution.

## II.

Plaintiff may amend his Complaint with the court's leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure. That rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court may deny a motion to amend when the amendment would be

---

[2] The court notes that this response was confusing and contradictory at best, basically asserting Plaintiff could so amend but such amendment would result in further motions to dismiss for lack of sufficient facts to state a claim. This approach and type of practice only extends the time and costs of the litigation.

3

prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). The court's decision on a motion to amend a complaint is committed to its discretion. Id. As discussed above, Plaintiff has filed two Motions to Amend. The court addresses each Motion in turn.

### A. Initial Motion to Amend

In his Initial Motion to Amend, Plaintiff seeks to amend his Complaint to add a claim of negligent hiring against Defendant Wyche for hiring Defendant Kline. ECF Nos. 39 at 1. As stated above, Wyche does not oppose the amendment but argues that Plaintiff "has not alleged facts sufficient to state a claim" against him. ECF No. 41 at 1. After receiving the parties' filings related to the Initial Motion to Amend, the court issued a Show Cause Order on March 18, 2024, directing Plaintiff to show cause within fourteen (14) days as to why the amendment would not be futile. ECF No 42 at 2. More than fourteen (14) days have passed, and Plaintiff has not addressed the Show Cause Order.

Plaintiff's proposed negligence claim is futile under Virginia's doctrine of sovereign immunity. Under Virginia law, sovereign immunity bars negligence claims against government employees based on the employee's acts of judgment and discretion that are necessary to the performance of a governmental function. Heider v. Clemons, 241 Va. 143, 144-45, 400 S.E.2d 190, 190-91

4

(1991). As is relevant here, the Supreme Court of Virginia has held that sovereign immunity applies to a city's allegedly negligent decision to retain a police officer. Niese v. City of Alexandria, 264 Va. 230, 240, 564 S.E.2d 127, 133 (2002). Likewise, courts in this jurisdiction have concluded that sovereign immunity protected a Sheriff and a Police Chief from negligence claims related to their hiring decisions. See Davis v. William G. Truesdale Adult Det. Ctr., No. 1:16cv810, 2016 WL 10459395, at *3 (E.D. Va. Aug. 11, 2016) (Lee, J.) (immunity for Sheriff); Guerrero v. Deane, No. 1:09cv1313, 2010 WL 670089, at *14 (E.D. Va. Feb. 19, 2010) (Cacheris, J.) (immunity for Police Chief). As the court in Guerrero explained, hiring subordinate officers "involves the exercise of judgment and discretion and the execution of important government functions." Guerrero, 2010 WL 670089, at *14. Accordingly, in both Davis and Guerrero, the court dismissed negligence claims related to the defendant officers' hiring decisions. Id.; Davis, 2016 WL 10459395, at *1, *3.

Defendant Wyche is a Sheriff like the defendant in Davis, and, as in Davis and Guerrero, it is alleged that Wyche negligently hired Defendant Kline to be a law enforcement officer. See ECF Nos. 39 at 1-4; 39-1 at ¶¶ 99-102. This hiring decision involved the use of judgment and discretion and is "an integral part of the governmental function of maintaining a police force." Niese, 564 S.E.2d at 133. Therefore, sovereign immunity would bar the proposed

5

negligent hiring claim in Plaintiff's Initial Motion to Amend, and the amendment seeking to add that claim is thus futile. Accordingly, the Initial Motion to Amend, ECF No. 38, is **DENIED**.

### B. Revised Motion to Amend

Plaintiff's Revised Motion to Amend seeks to add a claim of grossly negligent hiring against Defendant Wyche. ECF No. 45 at 2. Plaintiff argues this amendment was made in good faith, would not cause Wyche to suffer undue prejudice, and will not be futile. Id. at 3-4. He also adds, correctly, that sovereign immunity does not shield government officials from claims of gross negligence. Id.; see Cromartie v. Billings, 298 Va. 284, 297, 837 S.E.2d 247, 254 (2020). Wyche counters that Plaintiff's proposed grossly negligent hiring claim is futile and made in bad faith. ECF No. 47 at 10-12. Plaintiff did not file a Reply following Wyche's response. At this juncture, it appears to the court that the the proposed grossly negligent hiring claim may be futile for the reasons explained below.[3]

Under Virginia law, liability for negligent hiring arises when an employer fails to "exercise reasonable care in placing an

---

[3] Because the court concludes that the proposed amendment in Plaintiff's Revised Motion to Amend may be futile, the court declines to reach Defendant Wyche's argument that the amendment was made in bad faith. The court does note that the Revised Motion to Amend was filed after the Show Cause Order in which the court indicated sovereign immunity would apply to a negligent hiring claim, citing, Davis, 2016 WL 10459395, and Niese, 564 S.E.2d 127. ECF No. 42.

6

individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." Interim Pers. of Cent. Va., Inc. v. Messer, 263 Va. 435, 440, 559 S.E.2d 704, 707 (2002). Because the proposed amendment concerns a claim of grossly negligent hiring, Plaintiff must also satisfy the standard for gross negligence. Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." Elliott v. Carter, 292 Va. 618, 622, 791 S.E.2d 730, 732 (2016) (internal quotation marks omitted). Importantly, "a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." Id. (alterations and internal quotation marks omitted).

The Supreme Court of Virginia recently affirmed the dismissal of a grossly negligent hiring and retention claim, which is instructive here. See Doe ex rel. Doe v. Baker, 299 Va. 628, 651-53, 857 S.E.2d 573, 587-88 (2021). In Baker, the defendant, a church, hired and retained a pastor despite his alleged years-long history of "inappropriate behavior" toward young women and girls. Id. at 579-80. As is relevant here, the plaintiff's complaint alleged that the church knew about the pastor's "history of

7

inappropriate behavior" when it hired him in 1995, that multiple incidents were reported to the church between 1996 and 2002, that the church ordered the pastor to attend counseling in 2002, and that the pastor's misconduct continued after counseling. Id. Even so, the church retained the pastor until he retired in 2011, and after his retirement he remained an employee or agent of the church. Id. at 579-80, 584. The Supreme Court of Virginia held that, although the plaintiff stated a claim of negligent hiring or retention related to the church's decision to hire or retain the pastor after his retirement in 2011, the complaint's allegations did not amount to gross negligence. Id. at 584, 587-88. Specifically, the Court reasoned that "[t]he complaint itself shows that the defendants required [the pastor] to attend counseling, and, therefore, the defendants showed 'some degree of care.'" Id. at 588 (quoting Elliott v. Carter, 791 S.E.2d at 732).

Here, Plaintiff's gross negligence claim may be futile because the proposed Revised Amended Complaint alleges, and at this juncture uncontested evidence produced in discovery shows,[4] that Defendant Wyche exercised some degree of care when hiring Defendant Kline. The proposed Amended Complaint claims that, during the hiring process, Wyche interviewed one of Defendant

---

[4] At this juncture, the discovery is uncontested because Defendant Wyche attached the discovery to his response, ECF No. 47, and Plaintiff did not file a timely reply challenging the attached documents, ECF Nos. 47-1, 47-2, 47-3.

8

Kline's former employers and reviewed Kline's disciplinary file from a second former employer. ECF No. 45-1 at ¶¶ 32-34. Further, attached to Defendant Wyche's response are documents produced in discovery that show Wyche received three references from people who "highly recommended" Kline, that members of Wyche's staff contacted two of Kline's former employers about his employment, and that Kline underwent a psychological evaluation as part of the hiring process. ECF Nos. 47-2 at 3-8, 25-26, 29, 47-3 at 1-4. These actions by Wyche and his staff certainly demonstrated "some degree of care." See Baker, 857 S.E.2d at 588 (finding defendant satisfied the "some degree of care" standard by requiring the pastor to attend counseling once during over a decade of employment and complaints about misconduct).

However, if the court is going to consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56" on this added claim, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Although Plaintiff did not reply to Defendant Wyche's response, ECF No. 47, the court gives Plaintiff fourteen (14) days from the date of this Memorandum Order to present any further material pertinent to the Revised Motion to Amend, in particular, refuting Wyche's attached exhibits produced during discovery, ECF Nos. 47-1, 47-2, and 47-3, which appear to be official records from Defendant Wyche's file.

If Plaintiff files a reply contesting these documents, then Defendant Wyche must authenticate the documents via affidavits within fourteen (14) days from the date of Plaintiff's reply. Accordingly, at this juncture, the court **TAKES UNDER ADVISEMENT** Plaintiff's Revised Motion to Amend raising a claim of gross negligence in the hiring of Defendant Kline.

### III.

For the reasons stated above, Plaintiff's Initial Motion to Amend, ECF No. 38, is **DENIED**, and Plaintiff's Revised Motion to Amend, ECF No. 44, is **TAKEN UNDER ADVISEMENT**. The court **DIRECTS** the Clerk to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 23, 2024